**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HANCOCK, ET AL**  **PLAINTIFFS**

**VERSUS**  **CIVIL ACTION NO.  1:03cv671-JMR-JMR**

**PAYNE, ET AL**  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court *sua sponte*, due to the failure of the plaintiff Thomas J. Hebert to advise this Court of change of address.  This petitioner was advised of his duty to inform the Court of any change of address when he filed his petition on July 25, 2003.  The Court recognizes that an envelope containing its Order was returned by the post office on December 9, 2005, marked "Refused" [104-1].

Incarcerated plaintiffs have a duty to inform the court upon a change of address.  *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001);  *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner).  Failure to advise the court of a change in the plaintiff's address may result in dismissal.  *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1;  *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41.  In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of the a federal trial court to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calenders of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

To date petitioner has failed to provide notice to the Court of a change of address. Therefore, this Court finds that the above-named petitioner's claims should be dismissed without prejudice. It is therefore,

ORDERED AND ADJUDGED that the plaintiff Thomas J. Hebert and his claims are hereby dismissed from this case without prejudice.

SO ORDERED this the 14th day of December, 2005.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE