IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HANCOCK, ET AL**   **PLAINTIFFS**

**VERSUS**   **CIVIL ACTION NO.  1:03cv671-JMR-JMR**

**PAYNE, ET AL**   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

  This matter comes before the Court, *sua sponte*, regarding failure of the petitioner Will R. Brown to respond to the Court's Order [73-1] of December 27, 2004, granting the plaintiffs' attorney's Motion to Withdraw as Attorney [71-1] and to the Court's Text Order of February 11, 2005, allowing the withdrawal of the plaintiffs' attorney.

  The plaintiffs' attorney, Jerry M. Gilbreath, filed a Motion to Withdraw as Attorney [71-1] on December 14, 2004, and on December 27, 2004, the Court issued an Order [73-1] granting the motion and allowing the plaintiffs 30 days in which to retain substitute counsel.  On February 10, 2005, Jerry M. Gilbreath filed a Supplemental Motion to Withdraw as Counsel [77-1].  The Court granted this motion in a February 11, 2005, Text Order and gave the plaintiffs an additional 10 days in which to inform the Court whether they intend to retain counsel or proceed pro se.  Petitioner Will R. Brown never responded to this Court Order.

  This Court has authority to dismiss an action for the petitioner's failure to prosecute under Rule 41 (b) of the Federal Rules of Civil Procedure under its inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F. 2d 541, 544 (5th Cir. 1978); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).  The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly

and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630.

Based on the foregoing, this Court is of the opinion that the petitioner has failed in his obligation to respond in accordance with the Court's Orders and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, this Court orders that the claims of this petitioner, Will R. Brown, be dismissed without prejudice for the petitioner's failure to comply with the Court's Orders and Rule 41(b) of the Federal Rules of Civil Procedure. It is therefore,

ORDERED AND ADJUDGED that the plaintiff Will R. Brown and his claims are hereby dismissed from this case without prejudice.

THIS the   14th   day of December, 2005.

                                                  s/ John M. Roper, Sr.
                                       CHIEF UNITED STATES MAGISTRATE JUDGE