**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HANCOCK, ET AL**                                                                          **PLAINTIFFS**

**VERSUS**                                                        **CIVIL ACTION NO.  1:03cv671-JMR-JMR**

**PAYNE, ET AL**                                                                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on the Motion [83-1] of defendant Ernest Desautel ("Desautel") to Dismiss or on the Alternative for Summary Judgment, which is accompanied by his Memorandum in Support [84-1].  Defendants George Payne, Jr. ("Payne") and Dianne Gatson-Riley ("Riley") filed their Motion [85-1] for Summary Judgment and/or in the Alternative Motion to Dismiss on April 29, 2005.  Plaintiff Gregory Hancock ("Hancock") filed his Motion to Oppose [90-1] Desautel's Motion and his Motion to Oppose [91-1] Payne and Riley's Motion on May 27, 2005, and a Memorandum in Support [92-1, 93-1] for each on May 31, 2005.  Therefore, the Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the defendants' Motions [83-1, 85-1] for Summary Judgment are well taken, and that Payne and Riley's Motion [85-1] should be granted and that Desautel's Motion [83-1] should be granted in part and denied in part.

## STATEMENT OF CASE

Gregory Hancock was incarcerated at the Harrison County Adult Detention Center ("HCADC") on November 31, 2001, Kevin Brian Necaise ("Necaise") on February 2, 2002, Thomas Hebert ("Hebert") on February 12, 2002, and Will Brown ("Brown") on July 12, 2002.  *See* Payne and Riley's Motion for Summary Judgment and/or in the Alternative Motion to Dismiss [85-1] at ¶ I. Hancock, Necaise, and Hebert filed their Complaint [1-1] against Harrison County Sheriff George

Payne, HCADC Warden Dianne Gatson-Riley, Officer Ernest Desautel, and the HCADC on July 25, 2003, and added Brown as a plaintiff through an Amended Complaint [33-1] on May 24, 2004. *See* Complaint and Amended Complaint.  The Complaint alleges that in the late evening of July 27, 2002, and into the early morning of July 28, 2002, Officer Ernest Desautel began assaulting each plaintiff in the Section D-F of the HCADC.  *See* Amended Complaint at ¶ 11.  Plaintiffs claim that they shared contraband with Desautel and that he made sexual suggestions; fondled their genitalia; sexually battered them by sodomy, and committed other related assaults.  They further complain that Desautel threatened Plaintiffs with lockdown or physical harm should the incident be reported.  *See* Amended Complaint at ¶ 11.  Plaintiffs also claim that they suffered mental and emotional anguish because of the alleged sexual assaults and the express/implied threats.  *See* Amended Complaint at ¶ 14.

On December 14, 2004, Plaintiffs' counsel filed a Motion [71-1] to Withdraw and the Court entered an Order [73-1] on December 30, 2004, allowing the withdrawal and giving the plaintiffs thirty days in which to inform the Court whether they intended to retain counsel or proceed *pro se*. The plaintiffs then filed a Supplemental Motion [77-1] to Withdraw and asked for additional time to respond to the Court's December 30 Order. The Court granted this motion in a Text Order dated February 11, 2005; giving the plaintiffs an additional ten days from that date to inform the Court of their intentions.  Hancock filed a Notice of Intent [78-1] to proceed pro se on February 14, 2005, and Necaise also filed a Notice of Intent [80-1] to proceed pro se on February 28, 2005.  Hebert filed his Notice of Intent [87-1] to proceed pro se on May 18, 2005; however it is dated April 4, 2005.  Brown never responded to the Court's Orders.

On December 9, 2005, the post office returned an envelope to the Court which was addressed to Thomas Hebert, marked "Refused" [104-1].  The Court entered an Order [105-1] on December 14, 2005, dismissing Hebert without prejudice due to his failure to notify the Court of a change of address.  Will Brown never responded to the Court's orders directing the plaintiffs to inform of their intentions of proceeding pro se or with new counsel and was also dismissed without prejudice by a Court Order [106-1] on December 14, 2005.  An envelope addressed to Gregory Hancock containing Court Orders was returned by the post office December 20, 2005 [111-1].  The Court entered an Order [112-1] on December 27, 2005, dismissing Hancock without prejudice for failing to notify the Court of a change of address.  This leaves Kevin Brian Necaise as the only remaining plaintiff in the instant suit.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97.  "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.  Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general

allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

## ANALYSIS

Ernest Desautel, in his Motion to Dismiss or in the Alternative for Summary Judgment [83-1], contends that the plaintiffs failed to exhaust their administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), § 1997e(a). He further contends that the plaintiffs' complaint fails because it alleges mental or emotional injury without alleging a physical injury as required by the Prison Litigation Reform Act. In their Motion for Summary Judgment [85-1], George Payne and Dianne Gatson-Riley contend that the plaintiffs are unable to establish that a constitutional violation occurred. They further contend that because the municipality for which they work maintains no custom or policy of depriving individuals of their constitutional rights, a claim of liability under section 1983 must fail. Payne and Riley also claim that the plaintiffs' individual capacity claims are subject to a qualified immunity defense and that Plaintiffs have failed to allege

facts which would support a finding that the defendants' conduct was not objectively reasonable under the circumstances.

The Prison Litigation Reform Act, § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Desautel maintains that the plaintiffs fail to meet this requirement of the PLRA and provides affidavit testimony of Warden Riley as proof that the plaintiffs did not file a grievance through the HCADC grievance procedure. *See* Affidavit, attached as Exhibit "1" to Desautel's Motion to Dismiss or on the Alternative for Summary Judgment.

Hancock claims that he gave a statement to a superior officer, asked to press charges and was denied, and had an attorney call "Defendant Riley and/or Sheriff." *See* Affidavit, attached as Exhibit "6" to Hancock's Memorandum Brief in Support of his Motion to Oppose Summary and/or Motion to Dismiss of Defendant Ernest Desautel. Hancock provides no proof of this claim besides his affidavit. Hancock contends that he was not incarcerated when the Complaint was filed, so he is not subject to the Prison Litigation Reform Act.[1] *See* Section "D" of Hancock's Memorandum Brief in Support of his Motion to Oppose Desautel's Motion to Dismiss. Hancock is correct in his assertion that the PLRA applies based on the status of the plaintiff at the time of the filing of the complaint, not the status at the time of the underlying incident. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998); *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001); *Harris v. Garner*, 216 F.3d 970

---

[1]The Court notes that the Defendants chose not to counter Hancock's argument that he is not subject to the Prison Litigation Reform Act, even though the Act is the crux of Desautel's argument.

(11th Cir. 2000).  The defendants do not rebut Hancock's claim of not being incarcerated when the

Complaint was filed, so the Court finds that the PLRA does not apply to Hancock in the instant suit.

However, the PLRA does apply to the other plaintiffs and no evidence has been shown that

Brown, Hebert, and Necaise exhausted the administrative remedies at the HCADC before filing suit.

Therefore, the Court finds that Brown, Hebert, and Necaise have failed to meet the exhaustion

requirement of the PLRA.

The Prison Litigation Reform Act, § 1997e(e), also provides: "[n]o Federal civil action may

be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or

emotional injury suffered while in custody without a prior showing of physical injury."  The Fifth

Circuit has ruled that the "'physical injury' required by § 1997e(e) 'must be more than de minimus,

but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar*

*v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(alteration in original).

In their Amended Complaint, the plaintiffs do not make any claim of physical injury beyond

the bare allegation of sexual assault.  Hancock was not incarcerated at the time that the Complaint

was filed; therefore, the PLRA does not apply to him in this case.  However, the other plaintiffs were

incarcerated at that time and are subject to the provisions of the act.  They make no claim of physical

injury in the Complaint, Amended Complaint, or any other pleadings thereafter.  Therefore, the

Court finds no claim or evidence of a physical injury and that Hebert, Brown, and Necaise have

failed to meet the physical injury requirement of the Prison Litigation Reform Act, § 1997e(e).

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the

color of state law, deprives another of federally protected rights.  It neither provides a general remedy

for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of

6

all who suffer injury at the hands of the state or its officers.  Municipal liability under section 1983

requires proof of three elements: a policymaker; an official policy; and a violation of constitutional

rights whose "moving force" is the policy or custom.  *Piotrowski v. City of Houston*, 237 F.3d 567,

578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978).  *Monell* and later

decisions reject municipal liability predicated on *respondeat superior*, because the text of section

1983 will not bear such reading.  *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403

(1997).

A suit against a governmental agent or officer in his official capacity is a suit against the

office that the employee holds and not against the actual employee.  *See Kentucky v. Graham*, 473

U.S. 159, 165 (1985).  The three requirements for municipal liability outlined in *Piotrowski* are

necessary in order to distinguish between individual violations by local employees and those that can

be fairly attributed to conduct by the governmental entity itself.  *See Piotrowski*, 237 F.3d at 578-79.

"The unconstitutional conduct [alleged by the plaintiff] must be directly attributable to the

municipality through some sort of official action or imprimatur; isolated unconstitutional actions by

municipal employees will almost never trigger liability."  *Id*. at 578.  *See Bennet v. City of Slidell*,

728 F.2d 762, 768 n. 3 (5th Cir. 1984).

The three requirements for municipal liability detailed above are necessary in order to

distinguish between isolated violations committed by local employees and those violations which

may be committed by the government itself.  *Piotrowski*, 237 F.3d at 578.  Therefore, municipalities

may not be held liable for acts of lower level employees, but may be held liable for constitutional

violations committed pursuant to an official policy or custom.  *Id.* at 578.  In addition, not only must

the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the

alleged violation of a constitutional right; he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. *Id.* at 580. The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. *Peters v. City of Biloxi*, 57 F.Supp. 2d 366, 376 (S.D. Miss. 1999). *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998); *Piotrowski*, 237 F.3d at 580 (Stating that these two requirements "must not be diluted.").

In the present case, the plaintiff's main allegation is that Payne and Riley are liable under section 1983, through Payne's authority as the Sheriff of Harrison County and Riley's authority as the Warden of the HCADC, because of an alleged lack of response from prison officials after the occurrences with Desautel. The Court notes that plaintiff's official capacity claim against Payne is, in reality, a claim against the office which he occupied at the time of the alleged incidents and, ultimately, Harrison County. To the extent the plaintiffs bring this action against Payne and Riley in their official capacities, they must establish a constitutional violation and in addition must satisfy the test for official capacity liability. This test requires the plaintiffs to establish three things: first, that the Sheriff's office had an official policy, practice or custom which would subject it to section 1983 liability; second, that the official policy is linked to the constitutional violation(s); and third that the official policy reflects the Sheriff's office's deliberate indifference to that injury. See *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002).

The Court finds that, even if taken as true, the plaintiffs' allegations do not rise to the level of a recognized constitutional violation. The Court finds that such bare allegations, without more, are simply insufficient to support a claim that there existed a policy or custom which was the moving

force behind any alleged constitutional violation.  The Court notes that the official policy of the

HCADC provides for a grievance procedure.  *See* Affidavit of Major Dianne Gatson-Riley, Attached

as Exhibit "A" to Desautel's Motion to Dismiss or on the Alternative for Summary Judgment.  In

the case sub judice, an officer allegedly assaulted, then threatened the plaintiffs and warned them not

to report his behavior.  At best, such an assertion amounts to an isolated incident of negligent

conduct, which, by itself, is insufficient to support the instant official capacity claims against Payne

and Riley.

The Fifth Circuit has held that a "state jail official's liability for episodic acts or omissions

cannot attach unless the official had subjective knowledge of a substantial risk of serious harm ...

but responded with deliberate indifference to that risk."  *Hare v. City of Corinth*, 74 F.3d 633, 650

(5th Cir. 1996).  In other words, for liability to attach to a jail official, the plaintiff must show that

the official had subjective knowledge of a substantial risk of serious harm to the inmate, but

responded with deliberate indifference to that risk.  *Id.* at 649.  The plaintiffs have not offered any

evidence that would create a genuine issue of material fact as to whether the defendants possessed

subjective knowledge of a substantial risk of serious harm, or that Payne and Riley responded with

deliberate indifference to that risk.[2]  Deliberate indifference is the subjective intent to cause harm,

and it cannot be inferred from a jail official's failure to act reasonably.  It is not the same as

negligence.  *Id.* at 648.  "Negligent conduct by a prison official cannot be the basis for a due process

claim."  *Id.* at 646.

---

[2]Hancock claims to have complained to prison officials, but the other plaintiffs have filed no responses and present no evidence pertaining to the grievance procedure or notification of Payne or Riley about the alleged assaults.

Further, with regard to the individual capacity claims raised against Payne and Riley, the Court finds that they are entitled to qualified immunity. In assessing a claim of qualified immunity, the determination must first be made as to whether the plaintiff has alleged the violation of a clearly established constitutional right. *Siegert v. Gilly*, 500 U.S. 226, 231 (1991). If a violation of a right has been alleged, then it must be determined whether the defendant's conduct was objectively reasonable. Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable. *Hare*, 135 F.3d at 327. In the case at hand, the Court finds that plaintiffs have not presented any evidence sufficient to allege a violation of a clearly established constitutional right or any unreasonable conduct on the part of the defendants. The plaintiffs have also failed to provide any evidence that the actions of the officials rose to the level of deliberate indifference. Thus, the Court finds that Payne and Riley are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, this Court is of the opinion Desautel's Motion to Dismiss or on the Alternative for Summary Judgment [83-1] should be granted as to Necaise, Hebert, and Brown, and all claims against Ernest Desautel by these plaintiffs should be dismissed with prejudice. The Motion [83-1] is denied as to Hancock, but as he has been dismissed from this case previously, this issue is now moot. Furthermore, this Court is of the opinion that the plaintiffs have failed to meet their burden of demonstrating any genuine issues of material fact which would preclude summary judgment on their section 1983 claim. Therefore, this Court finds that Payne and Riley's Motion [85-1] for Summary Judgment and/or in the Alternative Motion to Dismiss should be granted as to all plaintiffs, and that all claims against George Payne, Jr. and Dianne Gatson-Riley should be dismissed with prejudice, both in their individual and official capacities. The Court further finds that

all claims against the Harrison County Adult Detention Center should be dismissed with prejudice.


This the 4th day of January, 2006.


_s/ John M. Roper, Sr._

CHIEF UNITED STATES MAGISTRATE JUDGE